UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ACOSTA,<br><br>Plaintiff,<br><br>v.<br><br>EVERGREEN MONEYSOURCE MORTGAGE COMPANY, a Washington Corporation; and DOES 1 to 100 inclusive,<br><br>Defendants. | No. 2:17−CV−00466−KJM−DB<br><br><br><br>ORDER |

When he originally brought this case in state court, plaintiff Jared Acosta's complaint prayed for more than $100,000 in relief. Compl., ECF No. 1 at 7–27. Relying on this amount as sufficient for federal diversity jurisdiction, defendant Evergreen Moneysource Mortgage Company ("Evergreen") removed the case to this court. Notice of Removal, ECF No. 1. Acosta now moves to remand the case for failure to establish the jurisdictional minimum, and Evergreen opposes. Mot. Remand, ECF No. 9; Mem. P. & A., ECF No. 10; Opp'n, ECF No. 14. As discussed below, the court DENIES the motion to remand.

I.  BACKGROUND

On January 24, 2017, Acosta filed this case against Evergreen in Sacramento County Superior Court. *See* Mem. P. & A. at 2; Compl. at 1. Acosta alleges Evergreen owes him commissions he earned from 2015 to 2016. *See* Compl. ¶¶ 9–12. Acosta brings four claims:

1

(1) failure to pay contract wages; (2) waiting time penalties, Cal. Lab. Code §§ 201–03; (3) failure to provide accurate wage statements, Cal. Lab. Code § 226(a); and (4) claims under the Private Attorneys General Act ("PAGA"). *Id.* ¶¶ 13–32. For damages, the first claim seeks "wages in the amount of $100,000" and also reasonable attorneys' fees and costs. *Id.* at 7. Because the damages associated with the first claim are sufficient to decide this motion, the court does not discuss the remaining damages sought in the complaint.

On March 2, 2017, Evergreen removed the case to this court. *See* Notice of Removal. Evergreen invoked the court's diversity jurisdiction, alleging Acosta, a California citizen, and Evergreen, a Washington citizen, were diverse and the amount in controversy exceeded $75,000. *Id.* ¶¶ 4–13.

Acosta filed this motion to remand on March 17, 2017. *See* Mem. P. & A. Evergreen opposed, Opp'n, and Acosta filed a reply, Reply, ECF No. 16. The court submitted the matter without hearing. ECF No. 15.

II.     DIVERSITY JURISDICTION AND REMOVAL

Federal courts are of limited jurisdiction and possess only that jurisdiction authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As relevant here, a federal district court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a).

Under 28 U.S.C. § 1441, a civil action may be removed to federal court if the action could have been brought there originally. *Polo v. Innoventions Intl., LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing 28 U.S.C. § 1441(a), (b)). In a removal case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (quoted in *Polo*, 833 F.3d at 1196). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564,

/////

/////

566 (9th Cir. 1992) (citations omitted).[1] If a district court finds, at any time, that it lacks original jurisdiction, the court must remand the action. 28 U.S.C. § 1447(c). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1988)). "[T]he defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." *Id.* (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986)).

Because Acosta's state complaint seeks "wages in the amount of $100,000" on his first claim, Compl. at 7, which satisfies the amount-in-controversy requirement, Evergreen has met its burden. But that is not the end of the analysis.

Where, as here, "a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996); *see also St. Paul*, 303 U.S. at 288–89 (stating "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").[2] A court finds a "legal certainty"

---

[1] Although *Gaus* prescribes a "strong presumption" against removal jurisdiction, 980 F.2d at 566, the Supreme Court has recently questioned "whether such a presumption is proper in mine-run diversity cases" such as this one. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (finding, at least for cases brought under the Class Action Fairness Act, no antiremoval presumption).

[2] That the complaint has "presumptively satisfied" the amount-in-controversy requirement suggests the burden should switch to the party challenging federal jurisdiction to show a "legal certainty." The Third Circuit agrees. *Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir. 2007) (citing *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 397–398 (3d Cir. 2004)). In a special concurrence, one Ninth Circuit has approved of that approach. *Guglielmino*,

when "a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (citing 14A Wright, Miller, and Cooper, Federal Practice and Procedure, Jurisdiction, § 3702 at 48–50 (2d ed. 1985)). In *Pachinger*, for example, a jewelry salesman filed a federal action alleging the hotel was responsible for $19,000 in stolen jewelry, more than the $10,000 amount-in-controversy requirement at the time. *Id.* at 363. But because Nevada's innkeeper statute limited the hotel's liability to $750, the case did not meet the amount-in-controversy requirement and the court granted the hotel's motion to dismiss for lack of subject matter jurisdiction. *Id.* at 363–65 (citing Nev. Rev. Stat. § 651.010 (1985)).

In evaluating whether there exists a "legal certainty," the plaintiff's complaint is given substantial weight. *Sanchez*, 102 F.3d at 402 (quoting *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753 (E.D. Mich. 1990)) (plaintiff's state complaint should be given weight because it is "highly unlikely . . . the plaintiff would have inflated his request for damages solely to obtain federal jurisdiction"). Where the state complaint alleges on its face an amount in controversy that meets the federal jurisdictional threshold, courts regularly find the amount in controversy requirement satisfied. *See Hill v. Hill–Love*, 509 Fed. App'x 605, 606 (9th Cir. 2013) (ignoring plaintiff's "belated attempt to avoid federal jurisdiction" and denying motion to remand where state complaint expressly alleged damages exceeding $100,000); *Perez v. Hermetic Seal Corp.*, CV 16-05211-BRO (FFMx), 2016 WL 5477990, at *2 (C.D. Cal. Sept. 27, 2016) (denying motion to remand where state complaint included $250,000 demand, despite plaintiff's argument that it was a typographical error and he intended to seek only $25,000); *Wilder v. Bank of Am.*, N.A., CV 14–00670 MMM (CWx), 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) ("In her complaint,

---

506 F.3d at 701–02 (O'Scannlain, J., concurring). But he suggests Ninth Circuit law nonetheless places the burden on the party asserting federal jurisdiction in these circumstances. *Id.*; *id.* at 699 (O'Scannlain, J., writing for the court) (citing *Sanchez*, 102 F.3d at 398) ("[W]e have identified at least three different burdens of proof which might be placed on a removing defendant under varying circumstances."). Because neither *Guglielmino* nor *Sanchez* reviewed a complaint that presumptively satisfied the jurisdictional minimum, *Guglielmino*, 506 F.3d at 701; *Sanchez*, 102 F.3d at 401, the law is not clear. The court need not resolve this ambiguity; regardless of whose burden it is to prove a "legal certainty" in these circumstances, because for the reasons discussed below, the court finds no "legal certainty" exists here.

Wilder seeks damages of 'not less than $1,500,000.' Wilder cannot simply disavow this allegation that was included in her state court complaint."); *Woodard v. Wells Fargo Bank, N.A.*, No. 5:14–cv–01017–ODW(SHx), 2014 WL 3534086, *2 (C.D. Cal. July 16, 2014) (denying a motion to remand because "[t]he amount in controversy exceed[ed] $75,000 as evidenced by Woodard's prayer for relief of $1,500,000 in the Complaint"); *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 08–CV–01086–AWI–SMS, 2008 WL 5046059, *3 (E.D. Cal. Nov. 21, 2008) (denying a motion to dismiss for lack of subject matter jurisdiction because "it [did] not appear to a legal certainty that BNSF's claims are really for less than $75,000"). In short, where a complaint in a diversity jurisdiction case expressly seeks damages beyond $75,000, remand based on the amount in controversy is rarely appropriate.

III. DISCUSSION

Here, Acosta argues his $100,000 damages request does not support the $75,000 threshold because he intended that figure to represent only the upward limit for default judgment purposes, not the amount in controversy. Mem. P. & A. at 5. State due process policies limit default judgment recovery to the amount stated in the complaint, *see Garamendi v. Golden Eagle Ins. Co.*, 116 Cal. App. 4th 694, 704–05 (2004), and Acosta could recover up to that amount in a default proceeding, *see* Cal. Civ. Proc. Code § 585. Indeed, Acosta's purpose in pleading that amount was to notify Evergreen that $100,000 was at stake. *See Scognamillo v. Herrick*, 106 Cal. App. 4th 1139, 1147 (2003) (the purpose of this requirement is to "give defendants one last clear chance to respond to allegations of complaints by providing them with actual notice of their exact potential liability") (internal quotations omitted). Acosta cannot have it both ways, preserving a state-court right to recover $100,000 if Evergreen does not show up, but then challenging removal on the basis that less is at stake. *Cf. Zubair v. L'Oreal USA, Inc.*, 2:10–cv–01112–MCE–EFB, 2010 WL 2925074, at *1 (E.D. Cal. July 23, 2010) (denying motion to remand where plaintiff's statement of damages, filed separately from the complaint, sought over $400,000).

Acosta's argument that he may ultimately recover less does not change this result. As Acosta explains, he did not know the total value of loan commissions he was owed before

filing the complaint.  Acosta Decl. ¶ 2, ECF No. 12.  But after he filed, Evergreen posted a document on a third-party payroll site identifying the actual value of his unpaid commissions as no more than $4,904.02.  Mem. P. & A. at 2–3; Acosta Decl. ¶ 6.  Even assuming his calculation's accuracy, Acosta cites no rule of law that would preclude him from recovering more.  *Cf. Pachinger*, 802 F.2d at 363 (9th Cir. 1986) (legal certainty that amount in controversy was not met where state law capped recovery at $750); *Popescu v. Jack Lalanne Fitness Cntrs.*, 983 F.2d 1077 (9th Cir. 1992) (amount in controversy not met where state law precluded plaintiff's requested punitive damages).  Acosta has not shown any limitation on damages that would make it virtually impossible to meet the amount-in-controversy requirement.  *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) (amount in controversy met despite contract's $16,831 liability limit, explaining "if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction").

IV.   CONCLUSION

In sum, the complaint's requested damages exceed the $75,000 threshold, and neither Acosta's intent to seek less nor his belief that he will recover less provides a "rule of law or limitation of damages [that] would make it virtually impossible for [him] to meet the amount-in-controversy requirement."  *Pachinger*, 802 F.2d at 364.  The court finds no "legal certainty" that Acosta cannot actually recover that amount.  *Guglielmino*, 506 F.3d at 699.  Acosta's breach of contract claim, which seeks "wages in the amount of $100,000," Compl. at 7, establishes the amount-in-controversy requirement here.

Accordingly, the court DENIES the motion to remand.

This order resolves ECF No. 9.

IT IS SO ORDERED.

DATED:  August 9, 2017.

UNITED STATES DISTRICT JUDGE