UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ACOSTA, | No. 2:17-cv-00466-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| EVERGREEN MONEYSOURCE MORTGAGE COMPANY, a Washington Corporation; and DOES 1 to 100, inclusive, | |
| Defendant. | |

The court held a status conference in this matter on September 13, 2018 to address the purported withdrawal of class lead plaintiff Jared Acosta. Counsel Justin Rodriguez appeared for plaintiff; counsel Julie Yap and Tiffany Tran appeared for defendant. In light of the parties' positions set forth at the status conference and in their joint statement, the court ADOPTS the parties' proposal to proceed under the terms of the preliminary approval order for the reasons set forth below.

I. BACKGROUND

In this wage and hour dispute, the court issued an order on August 10, 2018 certifying the class, preliminarily approving class settlement, and setting forth a notice and implementation schedule. ECF No. 43. On September 6, 2018, plaintiff's counsel filed an

1

*ex parte* application advising the court that lead plaintiff Jared Acosta no longer wished to fulfill his role as class representative, and asked the court to suspend class notice mailing and set a status conference to address Acosta's desire to withdraw. ECF No. 46. Defendant did not oppose. ECF No. 47. In response, the court issued a minute order suspending mailing of the notice, setting a status conference, and ordering the parties to file a joint statement advising the court of their recommendations as to how to proceed. ECF No. 48. The parties jointly believe, notwithstanding Acosta's desire to withdraw, the case should proceed as set forth in the court's August 10, 2018 approval order. ECF No. 49. The court agrees.

II. DISCUSSION AND ORDER

Other judges of this court have addressed this very issue, in orders this court finds persuasive. In *Adoma v. Univ. of Phoenix*, 913 F. Supp. 2d 964 (E.D. Cal. 2012), lead class plaintiff lodged objections with the court after a class settlement had already been reached. In approving the settlement, the court stated that "a class representative cannot alone veto a settlement, especially one that has been presented to and approved by the court." *Id.* at 979 (citing Federal Judicial Center, *Manual for Complex Litigation* § 21.642 (4th ed.)). If allowed to do so, it would undermine "the best interests of Rule 23 and would merely encourage strategic behavior designed to maximize the value of the veto rather than the settlement value of their claims." *Id*.

Although assent of the class representative is not required for class settlement, "[t]he original plaintiffs [] should be given the opportunity to retain new counsel to represent them in objecting to the settlement and to be heard in opposition." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1174 n.19 (4th Cir. 1975). Providing an objecting plaintiff with the opportunity to obtain independent counsel ensures class counsel maintain their fiduciary responsibility to the class as a whole, and place the interests of the class above those of an individual class member. *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003).

Here, any attempt by Acosta to withdraw or negotiate a better settlement for himself should not disrupt the good-faith settlement achieved by the parties and preliminarily approved by the court. As discussed at the status conference, the court APPROVES the parties'

2

request to proceed under the terms of the August 10, 2018 preliminary approval order. ECF No. 43. Notice mailing shall commence no later than September 20, 2018, and the notice and settlement administration schedule shall continue thereafter in accordance with the terms of the preliminary approval order. Within seven (7) days of the date of this order, plaintiff's counsel shall file a declaration confirming that he has notified Acosta of the status of the case and his right to obtain independent counsel.

IT IS SO ORDERED.

DATE: September 19, 2018.

_____
UNITED STATES DISTRICT JUDGE